IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WAYNE ANTHONY WILLIAMS,            )
                                   )
            Petitioner,            )
                                   )
      v.                           )      1:09CV350
                                   )
ROBERT C. LEWIS,                   )
                                   )
            Respondent.            )

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 6, 2006, in the Superior Court of Cabarrus County, Petitioner pled guilty to second-degree murder, conspiracy to commit robbery with a dangerous weapon, and attempted robbery with a dangerous weapon in cases 05CRS4214, -5035, and -5036. Petitioner was sentenced to 157-198 months of imprisonment. He did not file a direct appeal.

On January 5, 2009, Petitioner filed a motion for appropriate relief in the trial court. This motion, as well as a subsequent motion for reconsideration, were summarily denied. Petitioner filed a petition for certiorari with the North Carolina Court of Appeals. When this was denied on February 26, 2009, he sought discretionary review from the North Carolina Supreme Court. It denied review on April 30, 2009. Petitioner then signed his current habeas petition on May 6, 2009 and filed it on May 12, 2009. Respondent seeks to have the petition dismissed.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner filed no direct appeal. Respondent states that he had no right to a direct appeal under North Carolina law. However, even if he did, the time for filing one would have expired fourteen days after his judgment was entered on June 6, 2006. N.C.R. App. P. 4(a). Therefore, his year in which to file his habeas petition in this Court began to run in late June of 2006 and expired a year later in June of 2007. Petitioner did not file his petition for nearly two more years.

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, Petitioner did not seek any form of collateral review in the state courts until January of 2009. This was well after his year to file under AEDPA had already expired. Once the time to file has expired, filings in the state courts do not restart or revive it. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

Based on the analysis just set out, the petition is not timely, at least regarding claims in existence as of the time of Petitioner's plea and sentence. This covers most of the claims raised in the petition. However, in one claim, Petitioner asserts that the North Carolina courts violated his rights by summarily denying his motion for appropriate relief, rather than providing him with an evidentiary hearing. The basis for this claim did not exist until January of 2009. Therefore, the claim may not be time-barred. It is still subject to dismissal, however, because errors in state post-conviction proceedings cannot serve as the basis for a writ of habeas corpus. Bryant v. State of Maryland, 848 F.2d 492, 493 (4th Cir. 1988). All of Petitioner's claims are either time-barred or non-cognizable.

Petitioner does not dispute the basic analysis set out above. Instead, he contends that his petition should be considered because

he is actually innocent of the crimes to which he pled guilty. He argues that this fact should allow him to avoid the procedural default of his claims. Unfortunately for Petitioner, his claims are time-barred, not procedurally defaulted. Petitioner cites no binding case law, and the Court knows of none, which allows for an actual innocence exception to the AEDPA limitation period. While at least one Sixth Circuit case, Souter v. Jones,395 F.3d 577, 599-600 (6th Cir. 2005), has allowed equitable tolling based on actual innocence, cases from several other circuits reject that approach. See Escamilla v. Junqwirth, 426 F.3d 868, 871-72 (7th Cir. 2005)(those claiming innocence must meet statutory time limits just like those raising other claims); David v. Hall, 318 F.3d 343, 346-47 (1st Cir. 2003)(Congress knew how to formulate an actual innocence exception, but did not); Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002)(no actual innocence exception separate from usual equitable tolling factors); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)(claims of innocence do not justify equitable tolling). Because the Court finds that the cases refusing to allow the exception contain the more compelling arguments, it will not recognize Petitioner's proposed exception to AEDPA.

Petitioner's argument also fails for another reason. Even if the Court were to find the existence of an actual innocence exception to the one-year time limit, it would not apply in this case. A petitioner claiming actual innocence must make an evidentiary showing that "it is more likely than not that no

-4-

reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner's showing in the present case falls far short of meeting this formidable standard.

Petitioner has made no evidentiary showing, only conclusory statements, that he was not involved in planning either the robbery or the murder. On the other hand, his own submissions include copies of statements made to the police by a female co-conspirator in the armed robbery. In those statements, she claims that she, Petitioner, and two other men formulated a plan in which she would rob her parents at gun-point. When her mother struggled during the robbery, the woman shot her multiple times and attempted to shoot her father. Her mother died. (Docket No. 2, Ex. A-1.) This statement is sufficient to support Petitioner's robbery convictions because the woman stated that Petitioner was involved in planning the robbery and that he was the person who drove to and from the scene of the robbery. The statement also supports the murder conviction because it has long been the rule in North Carolina that one co-conspirator in an armed robbery can be convicted of murder if another co-conspirator kills someone during the commission of the crime. See, e.g., State v. Covington, 290 N.C. 313, 342, 226 S.E.2d 629, 648 (1976)(when person enters conspiracy to commit armed robbery, he is guilty of murder committed during the robbery even if he did not participate in the attempt). Under this rule,

even Petitioner's own submission defeats his claim of actual innocence.[2] His petition should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be granted, that the petition (docket no. 1) be dismissed, and that Judgment be entered dismissing this action.

       /s/ Donald P. Dietrich
       **Donald P. Dietrich**
   **United States Magistrate Judge**

August 10, 2009

---

[2] Obviously, Petitioner would contend that the woman's statement is false. However, the mere fact that the State could have produced such evidence had his case gone to trial would mean that a reasonable juror could have convicted him.

-6-